**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| HEIDI M. JOHNSON, <br><br> Plaintiff, <br><br> vs. <br><br> NANCY A. BERYHILL, Commissioner of Social Security, <br><br> Defendant. | 2:18-cv-02043-JCM-VCF <br><br> **REPORT AND RECOMENDATION** <br><br> MOTION FOR REMAND [ECF NO. 16]; MOTION TO AFFIRM [ECF NO. 20] |

This matter involves plaintiff Heidi Johnson's appeal from the Administrative Law Judge's ("ALJ") decision denying her social security benefits. Before the Court are Johnson's motion for remand (ECF No. 15) and the Commissioner's cross-motion to affirm and response (ECF Nos. 22, 23). The Court recommends granting plaintiff's motion to remand and denying the Commissioner's cross-motion.

**I.  Standard of Review**

The Fifth Amendment prohibits the government from depriving persons of property without due process of law.  Social security claimants have a constitutionally protected property interest in social security benefits. *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990). When the Commissioner of Social Security renders a final decision denying a claimant's benefits, the Social Security Act authorizes the District Court to review the Commissioner's decision. *See* 42 U.S.C. § 405(g); 28 U.S.C. § 636(b) (permitting the District Court to refer matters to a U.S.

Magistrate Judge).

The District Court's review is limited. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) ("[I]t is usually better to minimize the opportunity for reviewing courts to substitute their discretion for that of the agency." (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014))). The Court examines the Commissioner's decision to determine whether (1) the Commissioner applied the correct legal standards and (2) the decision is supported by "substantial evidence." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is defined as "more than a mere scintilla" of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Under the "substantial evidence" standard, the Commissioner's decision must be upheld if it is supported by enough "evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 217 (1938) (defining "a mere scintilla" of evidence); *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 523 (9th Cir. 2014). If the evidence supports more than one interpretation, the Court must uphold the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). The Commissioner's decision will be upheld if it has any support in the record. *See, e.g., Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1988) (stating the court may not reweigh evidence, try the case de novo, or overturn the Commissioner's decision if the evidence preponderates against it).

**II.    Background**

The Administrative Law Judge ("ALJ") followed the five-step sequential evaluation process for determining whether an individual is disabled. 20 C.F.R. § 404.1520. The ALJ concluded plaintiff had not engaged in substantial gainful activity since January 1, 2005, the alleged onset date. (AR[1] 25). The

---

[1] The Administrative Record ("AR") is found at ECF Nos. 15-2 through 15-11.

ALJ found plaintiff had the following severe impact impairments: obesity, posttraumatic stress disorder, major depressive disorder, and panic disorder (20 CFR 404. 1520(c) and 416. 920(c)). (*Id.*). The ALJ found plaintiff's impairments did not meet or medically equal the severity of a listed impairment in 20 CFR Part 404, Subpart P, Appendix 1. (*Id.*). The ALJ concluded plaintiff had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). (AR 26). The ALJ concluded that plaintiff, "can understand, remember and carry out simple routine repetitive tasks consistent with unskilled work." (*Id.*) The ALJ also concluded that the plaintiff, "can occasionally interact with coworkers, supervisors and the general public... [and the plaintiff] can adapt to routine work changes." (*Id.*)  The ALJ found plaintiff cannot perform any past relevant work but can perform other jobs that exist in significant numbers in the national economy. (*Id.* at 29-30). The ALJ also found that plaintiff meets the insured status requirements of the Social Security Act through December 31, 2009. (*Id.* at 18). The ALJ concluded that plaintiff was not under a disability within the meaning of the Social Security Act from January 1, 2005 through the date of the decision on November 21, 2017. (*Id.* at 30).

      Plaintiff filed an appeal with the Appeals Council on November 29, 2017. (AR 5). On December 16, 2017, plaintiff sent additional medical evidence to the Appeals Council. (AR 13-18). The first piece of additional medical evidence is a letter dated December 15, 2017 from clinical psychologist Lisa B. Shaffer, Psy. D. (AR 13-16). The second piece of additional medical evidence is a letter dated December 6, 2017 from Eugene Rosenman, MD. (AR 17-18). The Appeals Council denied Johnson's request for review. (AR 1). The Appeals Council rejected the additional medical evidence on the ground that it, did "not relate to the period at issue" and did "not affect the decision about whether [plaintiff was] disabled, "beginning on or before November 21, 2017 [the date of the ALJ's decision]." (AR 2).

Plaintiff challenges both the ALJ's and the Appeals Council's conclusions. (ECF No. 16 at 2). Plaintiff argues that the Appeals Council improperly rejected the additional medical evidence. (*Id.* at 7). Plaintiff also argues that the ALJ improperly considered the plaintiff's testimony and lay witness testimony. (*Id*. at 10-14). Plaintiff argues that the Appeals Council erroneously asserted that the additional medical evidence only covered the time period after the ALJ's decision because both doctors began treating Johnson before the ALJ's decision, and Dr. Shaffer summarized some of Johnson's records dating back to 2005. (*Id*. at 9). Dr. Shaffer opined that plaintiff met the criteria of listings 12.04, 12.06, and 12.15 based on her diagnosis of agoraphobia, panic disorder, PTSD, and depressive disorder. (AR 13). Plaintiff also argues the ALJ's credibility determination is legally deficient and that the ALJ improperly rejected lay witness testimony. (*Id*. at 11-14).

The Commissioner argues the ALJ's decision is supported by substantial evidence. (ECF No. 20 at 11). The Commissioner asserts that the additional medical evidence was not chronologically relevant because both letters were dated after the ALJ's decision. (*Id.*) The Commissioner also argues that the ALJ properly evaluated the Plaintiff' subjective symptom allegations and reasonably weighed the lay witness written testimony of plaintiff's mother. (*Id.* at 12-18).

**A. The Appeals Council's Treatment of the Additional Medical Evidence**

Plaintiff first argues the Appeals Council's stated reason for rejecting the additional medical evidence is erroneous. The Appeals Council stated that the additional medical evidence did not relate to the period at issue and that plaintiff would need to file a new claim. (AR 2). Before reviewing the time period at issue, the Court first looks to the additional medical evidence to determine if the opinions are from treating sources. More weight is given, "to medical opinions from […] treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the plaintiff's] medical impairment(s)." 20 C.F.R. § 404.1527(c)(2). A treating physician is one who

4

provides an "ongoing treatment relationship," *i.e.*, more than just a one-time examination. 20 C.F.R. § 404.1527(a)(2). Dr. Shaffer's December 15, 2017 letter states that she had been treating Johnson on a weekly basis from October 25, 2017. (AR 13). Dr. Rosenman's December 6, 2017 letter states that he had been treating Johnson on a regular basis since August 1, 2017. (AR 18). The Commissioner does not dispute that both Dr. Shaffer and Dr. Rosenman are treating physicians and that the ALJ did not have the opportunity to consider the additional medical evidence. The Court finds that Dr. Shaffer and Dr. Rosenman are treating physicians.

"[F]ederal courts do not have jurisdiction to review the Appeals Council's nonfinal agency action." *Taylor v. Comm'r of Soc. Sec. Admin.,* 659 F.3d 1228, 1231 (9th Cir. 2011). When the Appeals Council declines review, "the ALJ's decision becomes the final decision of the Commissioner" subject to substantial evidence review based on the record. *Id.* at 1231. The record that the Court reviews is the entire record, including both the evidence before the ALJ and the evidence subsequently added by the Appeals Council. *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1159-1160 (9th Cir. 2012). "Where the Appeals Council was required to consider additional evidence, but failed to do so, remand to the ALJ is appropriate so that the ALJ can reconsider its decision in light of the additional evidence." See *Taylor*, 659 F.3d at 1231, citing to 20 C.F.R. § 404.970(b) (providing that the Appeals Council shall evaluate the entire record, including new relevant evidence, and shall review the decision of the ALJ if the ALJ's actions, findings, or conclusions are contrary to the weight of the evidence in the entire record). The Commissioner must provide "clear and convincing reasons" for rejecting the uncontradicted opinion of an examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). When the examining physician's opinion is contradicted by the evidence, the Commissioner need only give specific and legitimate reasons for rejecting it. *Id*.

The Appeals Council did not reject the merits of Dr. Shaffer's or Dr. Rosenman's assessments concerning plaintiff's psychological limitations. The Appeals Council only gave one reason for rejecting their opinions: that their opinions did not relate to the time period in question. The stated reason is erroneous because both Dr. Shaffer and Dr. Rosenman state that they had been treating Johnson since October 2017 and August 2017 respectively, meaning they began treatment prior to the ALJ's November 2017 opinion. Dr. Shaffer notes that she reviewed Johnson's medical records, including her psychiatric records back to 2005, and opines that Johnson meets multiple listings, "under section 12.04 (Depressive, Bipolar and Related Disorders), section 12.06 (Anxiety and Obsessive Compulsive Disorders), and section 12.15 (Trauma- and Stressor- Related Disorders)." (AR 13). Dr. Rosenman states that Johnson, "is suffering from refractory depression[.]" According to the Attorneys' Dictionary of Medicine, the word refractory means treatment resistant. See J. E. Schmidt, Ph. B.S., M.D, *Attorneys' Dictionary of Medicine: Volume 5*, LexisNexis at p. 270 (2019). The Appeals Council erred when it rejected the evidence from the plaintiff's treating physicians. The Appeals Council's stated reason for rejecting the evidence from the treating physicians, that the treatment occurred after the ALJ's decision, is factually inaccurate because both physicians unequivocally and without contradiction state that they treated plaintiff before the date of the ALJ's decision. Dr. Shaffer also stated that she reviewed plaintiff's medical records dating back to 2005. Dr. Rosenman's assessment that plaintiff's depression is refractory indicates that Dr. Rosenman considered plaintiff's history and records. Because the Appeals Council was required to consider the additional evidence from the treating physicians, but failed to do so, remand to the ALJ is appropriate so that the ALJ can reconsider its decision and weigh the additional evidence. Because the Court is recommending that the plaintiff's case be remanded on the issue of the Appeals Council's treatment of the treating physician's opinion evidence, the Court does not reach other issues raised by the plaintiff in this appeal.

### III. Remand

The Court finds the Appeals Council relied on a clearly erroneous reason for rejecting the evidence from the plaintiff's treating physicians. The Appeals Council's stated reason for rejecting the plaintiff's treating physicians is factually inaccurate because both records indicate that the treating doctor's opinions relate back to the relevant period. The Court recommends the case be remanded to the agency for further administrative proceedings.

When the Court finds that, the Appeals Council was required to consider additional evidence, but failed to do so, remand to the ALJ is appropriate so that the ALJ can reconsider its decision in light of the additional evidence." See *Taylor*, 659 F.3d at 1231. Because the Appeals Council's stated reason for failing to consider the additional evidence from the treating physicians is factually inaccurate, the Court should remand so the ALJ can consider the new evidence. (*Id.*) The Court finds further administrative proceedings are necessary and recommends the case be remanded.

Accordingly, and for good cause shown,

IT IS HEREBY RECOMMENDED that plaintiff's motion for reversal and/or remand (ECF No. 16) be GRANTED and the case REMANDED, and the Commissioner's cross-motion to affirm (ECF No. 20) be DENIED.

DATED this 5th day of December 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE