UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| HEIDI M. JOHNSON, | Case No. 2:18-CV-2043 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| NANCY A. BERRYHILL, | |
| Defendant(s). | |

Presently before the court is Magistrate Judge Ferenbach's report and recommendation ("R&R") granting plaintiff's motion for remand, denying the commissioner's cross-motion to affirm, and remanding the case. (ECF No. 22). Defendant Andrew Saul ("the commissioner") objected to the R&R.[1] (ECF No. 24). Plaintiff Heidi M. Johnson ("plaintiff") did not respond, and the time to do so has passed.

Also before the court is plaintiff's motion to remand. (ECF No. 16). The commissioner filed a response (ECF No. 21), to which plaintiff did not reply.

Also before the court is the commissioner's cross motion to affirm. (ECF No. 20). Plaintiff did not respond.

**I.  Background**

The parties do not object to the factual presentation in the R&R. Therefore, the court adopts the factual representation in the R&R and will detail factual and procedural background in the discussion section of this order as necessary to explain the court's holding.

---

[1] Nancy Berryhill was the named defendant while she was Acting Commissioner of the Social Security Administration. (*See* ECF Nos. 20; 21). Andrew Saul is now Commissioner of the Social Security Administration and is defending this suit accordingly.

**James C. Mahan**
**U.S. District Judge**

## II. Legal Standard

A party may file specific written objections to the findings and recommendations of a United States magistrate judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); LR IB 3-2. Where a party timely objects to a magistrate judge's report and recommendation, the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id*.

Pursuant to Local Rule IB 3-2(a), a party may object to the report and recommendation of a magistrate judge within fourteen (14) days from the date of service of the findings and recommendations. Similarly, Local Rule 7-2 provides that a party must file an opposition to a motion within fourteen (14) days after service thereof.

## III. Discussion

To be sure, as the commissioner argues and Judge Ferenbach acknowledged, "[w]hen the [a]ppeals [c]ouncil denies a request for review, it is a non-final agency action not subject to judicial review because the ALJ's decision becomes the final decision of the [c]ommissioner." *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1231 (9th Cir. 2011) (citing *Klemm v. Astrue,* 543 F.3d 1139, 1144 (9th Cir. 2008)). But the appeals council is required to consider "new and material evidence" submitted to it if "it relates to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 404.970(a)(5). When the appeals council does not consider the evidence, "remand to the ALJ is appropriate so that the ALJ can reconsider its decision in light of the additional evidence." *Taylor*, 659 F.3d at 1233.

"As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995), *as amended* (Apr. 9, 1996) (citing *Winans v. Bowen,* 853 F.2d 643, 647 (9th Cir. 1987)). "Even if the treating doctor's opinion is contradicted by another doctor, the [c]ommissioner may not reject this opinion without providing 'specific and legitimate reasons'

supported by substantial evidence in the record for so doing." *Id.* (citing *Murray v. Heckler,* 722 F.2d 499, 502 (9th Cir. 1983)).

Here, the appeals council was required to consider the evidence to determine whether "there [was] a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. § 404.970(a)(5). But the appeals council refused to consider the evidence, claiming that the "additional evidence does not relate to the period at issue." (ECF No. 15-3 at 3).

The commissioner argues that the appeals council's decision is inoculated from review because "a district court has no jurisdiction to review any action by the [a]ppeals [c]ouncil where the ALJ's decision, rather than the [a]ppeals [c]ouncil's action, is the [c]ommissioner's final decision." (ECF No. 24 at 3 (citing *Brewes v. Comm'r of SSA*, 682 F.3d 1157, 1161 (9th Cir. 2012); *Taylor*, 659 F.3d at 1231)). Thus, the commissioner contends that Judge Ferenbach "misunderst[ood] the [c]ourt's role" when he concluded that "[t]he [a]ppeals [c]ouncil erred when it rejected the evidence from the plaintiff's treating physicians." *Id.* at 3–4 (quoting ECF No. 22 at 6; citing *Luther v. Berryhill*, 891 F.3d 872, 876 (9th Cir. 2018)). The commissioner further argues that there is no basis for remand under *Taylor* because the appeals council's included plaintiff's additional evidence in the record, "considered the evidence in question," and "discussed [the evidence] in its notice denying review." *Id.* at 4.

The court disagrees. Although the appeals council made plaintiff's additional evidence part of the record, it did not "consider" that evidence. (ECF No. 15-3 at 3). This is particularly problematic considering the weight that should ordinarily be given to a treating physician's opinion. *See Lester*, 81 F.3d at 830. The appeals council did not address the substance of the treating physicians' opinions, and certainly did not address the merit of those opinions vis-à-vis the ALJ's conclusion. *Id.* The appeals council did not give "specific and legitimate reasons" for refusing to consider the evidence. To the contrary, the council simply—and erroneously—rejected the evidence as untimely. (ECF No. 15-3 at 3).

Accordingly, even though this court cannot review the appeals council's decision (e.g., to deny review), "remand to the ALJ is appropriate so that the ALJ can reconsider its decision in

light of the additional evidence." *Taylor*, 659 F.3d at 1233. Therefore, the court adopts Judge Ferenbach's R&R over the commissioner's objection.

**IV.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Judge Ferenbach's R&R (ECF No. 22) be, and the same hereby is, ADOPTED.

IT IS FURTHER ORDERED that plaintiff's motion to remand (ECF No. 16) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the commissioner's cross motion to affirm (ECF No. 20) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that the matter of *Johnson v. Berryhill*, case number 2:18-cv-02043-JCM-VCF, be, and the same hereby is, REMANDED to the Social Security Administration for further administrative proceedings consistent with Judge Ferenbach's R&R.

DATED January 10, 2020.

_____
UNITED STATES DISTRICT JUDGE